## NELSON et al. v. UNITED STATES.

### No. 10453.

Circuit Court of Appeals, Ninth Circuit.

Nov. 23, 1943.

Rehearing Denied Jan. 18, 1944.

Geo. Nelson, in pro. per., of Seattle, Wash., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, T. Carroll Sizer, and Mills Kitchin, Sp. Assts. to Atty. Gen., J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The appellants Nelson are indebted to the United States for income taxes for the years 1933 and 1934. From 1932 to 1937, appellant George Nelson and partners had a garbage disposal contract with the City of Seattle. During the years 1937 and 1938, appellants Nelson made payments on account of income taxes of from $200 to $250 monthly. On September 20, 1937, the Collector of Internal Revenue received from the Commissioner of Internal Revenue the assessment list containing assessments against George and Agnes Nelson for the 1933 and 1934 taxes. After the above installment payments had been made and credited there was due and owing $667.03 from George Nelson and $1,173.75 from Agnes Nelson, plus interest. In 1938, over Nelson's protest, a receiver was appointed for the partnership; thereafter Nelson advised the Collector of Internal Revenue that it was impossible for him to make further payments. After refusal to pay on demand, the Collector of Internal Revenue issued Warrants of Distraint on November 2, 1937.

On July 29, 1938, and April 21, 1939, the Collector filed notices of tax liens with the auditors of King County and Yakima County, respectively. Notices of tax liens were filed with Clerk of the United States District Court at Tacoma and Spokane, Washington. On December 13, 1938, Nel-

son gave an order assigning to the Collector all title and interest to the properties in the Receiver's possession. A suit in the State court in King County against the Receiver netted the Government $1,334.06.

During 1940, the appellant taxpayers raised a crop of grapes on the farm located in Yakima County. By contract dated August 19, 1940, the grapes were sold to the National Wine Company. Upon this contract there was due and owing appellants Nelson $2,999.49.

On October 14, 1940, George Nelson assigned to Ollie Halpin his claim against the Wine Company for the purchase price of the 1940 crop. The consideration for the said assignment was a pre-existing debt. The assignment was accepted by the Wine Company on the same date. On October 25, 1940, the Collector caused to be served on the Wine Company notices of levy and notices of tax lien. These notices were not complied with, so on January 14, 1941 the Wine Company was served with final notice and demand. The present action was then commenced by the appellee against the Wine Company under Section 3710, Title 26 U.S.C.A. Int.Rev.Code, which corporation by motion asked that the taxpayers Nelson and their assignee Halpin be interpleaded as additional defendants.

The lower court held that the lien acquired by the United States was prior in right and in time to the claim of said additional defendant, now one of the appellants, Ollie Halpin. The lower court found the validity of the assignment was not in issue. The appeal from this decision is taken by the appellants Nelson and Halpin. The National Wine Company does not join in the appeal.

Section 3670, Title 26 U.S.C.A. Int.Rev. Code, provides:

"§ 3670. Property subject to lien.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States *upon all property and rights to property, whether real or personal,* belonging to such person. 53 Stat. 448." [Emphasis added]

Section 3710, Title 26 U.S.C.A. Int.Rev. Code, provides: "§ 3710. * * * (a) Requirement. Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process."

The lower court found that the assignment to Halpin was executed on the 14th day of October, 1940, and was served on and accepted by the National Wine Company on the same date, which was subsequent to the filing of the notice of tax liens by the Government. The tax liens notice was filed in Yakima County on April 21, 1939 and with the Clerks of the United States District Courts of Washington at Tacoma and Spokane, August 1, 1938 and April 22, 1939, respectively.

The 1940 grape crop was grown on the farm in Yakima County where the notice of the lien was filed. When severed the Government obtained a prior lien on those grapes as after acquired property. That the Government's lien under this statute applies to after acquired property has already been settled by this Court in Citizens National Trust & Savings Bank of Los Angeles v. United States, 9 Cir., 135 F.2d 527, 528. In this case, the taxpayer inherited an interest in an estate after the liens for taxes had been filed. The lower court concluded that the United States acquired a prior lien upon all property belonging to the taxpayer as of the date the Collector received the assessment list, that said liens had continued in force until the present time, and that the liens attached to all property and rights to property to be acquired by the taxpayer:

Our court said: "The statute provides that the United States shall have a lien 'upon all property' belonging to the taxpayer. There is no limitation placed on the expression in the statute 'the amount * * * shall be a lien * * * upon *all* property and rights to property.' That this expression is not limited to property possessed by the debtor at the time the distraint is laid is plainly indicated by the provision of the statute that the lien 'shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time,' * * *. The claimed liens in this case are upon personal property, but that fact does not change the situation as the

164

section expressly extends to 'all property and rights to property, whether real or personal.' "

Citizens National Trust & Savings Bank of Los Angeles v. United States, supra, quotes extensively from some administrative interpretations of the Revenue Act which provide in short that the lien shall continue until the tax is satisfied and when necessary the Collector should secure an extension of time for collection "whenever it is reasonably possible that the taxpayer may, in the future, acquire property or property rights from which the tax liability may be satisfied."

United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983, which is cited by the appellants and which appears to be contrary to the ruling of the lower court, is distinguished by the Citizens National Trust & Savings Bank case on the ground that the problem of the government's lien on after acquired property was not directly in issue.

Under the authority of the latter case, the decision of the lower court is affirmed.