In re VICTOR BREWING CO.

**GLASS CITY BANK OF JEANNETTE v. UNITED STATES.**

No. 8609.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 10, 1944.

Decided Dec. 29, 1944.

Fred B. Trescher, of Greensburg, Pa. (Kunkle, Trescher & Snyder, of Greensburg, Pa., on the brief), for appellant.

Homer R. Miller, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., and Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and KIRKPATRICK, District Judge.

GOODRICH, Circuit Judge.

This appeal involves a dispute over certain money between a judgment creditor claiming under an attachment execution and the United States government claiming under income tax liens. The money in question represents compensation allowed by the court for services rendered in connection with the Pennsylvania state court receivership of the Victor Brewing Company, subsequently adjudged bankrupt in the United States District Court. The services for the amount here in question were all rendered by the taxpayer subsequent to the effective date of the government's tax liens. The judgment creditor contends for non-applicability of the liens to such a fund.

Maddas, the taxpayer, was appointed equity receiver by the Pennsylvania state court in December, 1938. The proceedings were transferred to the federal bankruptcy court on October 4, 1940; the state receivership was terminated and Maddas discharged on October 22, 1940. The fund now in dispute represents receiver's fees awarded Maddas by the referee in bankruptcy in December, 1941.

The government's liens are based on income tax assessments against Maddas for the three year period 1920–1922, and also for the year 1936. With respect to the earlier delinquency the Collector of Internal Revenue received the assessment lists and made proper notice and demand upon the taxpayer in August, 1935. Notices of the tax liens were filed in the Pennsylvania state court and in the federal bankruptcy court in July, 1939. Similar steps were taken in connection with the 1936 assessment: notice and demand occurred in January and February, 1941; filing of notices of tax liens in both state and federal courts in April, 1941.

The Glass City Bank of Jeannette, Pennsylvania, appellant here, obtained judgment against Maddas in the state court and issued attachment execution out of that court in February, 1941; and summoned the trustees of the bankrupt corporation as garnishees. In April, 1941, upon petition of the trustees in bankruptcy, the federal court enjoined appellant's garnishment proceedings, pending determination of the amount of money which would be available for distribution to Maddas in the way of fees for services rendered. The injunction was subsequently made permanent and the fund ordered retained by the United States Court for allocation to the government's tax liens.

Glass City Bank filed petition for review of this award in the District Court, which awarded the entire fund here in question to the government.[1]

The main question in the case, then, is whether the lien of the United States for taxes applies to after acquired property of the taxpayer. There is no dispute here that the amount of compensation to which Maddas became entitled was for services rendered subsequent to the years for which the lien for unpaid taxes is claimed.

■ This question has been thoroughly discussed by the Circuit Court of Appeals for the 9th Circuit and an affirmative answer given. Citizens Nat. Trust & Savings Bank of Los Angeles v. United States, 1943, 135 F.2d 527. The conclusion there reached has been twice reiterated on the authority of that decision. Nelson v. United States, 9 Cir., 1943, 139 F.2d 162, certiorari denied, 1944, 322 U.S. 764, 64 S. Ct. 1287; Investment & Securities Co. v. United States, 9 Cir., 1944, 140 F.2d 894.

In the Citizens Bank case the court gives four reasons for the conclusion reached, three of which apply with equal force in the instant case. The first is the very broad language of the lien statute itself, 26 U.S.C.A. Int.Rev.Code, § 3670. It provides that the amount of the unpaid tax "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person". If the rights of the United States under its lien are to be limited, it must be otherwise than under the literal application of language used by the draftsman.

The second reason is found in the amendment to the next section (3671) dealing with the period of the lien. The statute now provides that it "shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." This is an amendment made by § 613 of the Revenue Act of 1928. Said the 9th Circuit, in the Citizens Bank case [135 F.2d 528] above cited: "Formerly, the statute decreed that the lien was in effect 'until paid.' If the lien is not considered as applying to after acquired property, the amendment is meaningless, for the lien would continue in any event as to property owned when the lien arose."

■ A third reason advanced is the analogy to the tax lien and the lien of a judgment, which, by the weight of common law authority attaches to after acquired real property of the debtor. This reason is inapplicable in the instant case for we are not here dealing with after acquired real estate.

■ Finally, the court called attention to the rulings which show the administrative interpretations clearly indicating that after acquired property is to be included in the lien provided for in the statute. (G. C. M. 4715 VII—2 Cum. Bul. 94 (1928); T. D. 4275 VIII—2 Cum. Bul. 167 (1929)) and pointed out that the statute has been twice amended since these rulings with no definite provision as to after acquired property. Thus the interpretation must be taken to have been known and approved by Congress.

A 2nd Circuit decision is pressed by the bank here as opposed. United States v. Long Island Drug Co., 1940, 115 F.2d 983. Language in the opinion, it may be conceded, does look the other way. The court in the Citizens Bank decision and the District Court in the instant case distinguished the Long Island Drug decision on the ground that the taxpayer there had assigned his wages before they fell due and since there was nothing owing him at the time of the levy there was nothing upon which it could be made. This distinction we believe to be correct.

---

[1] Prior to the award to him for services rendered, Maddas had attempted to assign part of his claim against the bankrupt estate to the First National Bank, Greensburg, Pennsylvania. The bank's claim for the fund in dispute in the instant case has since been abandoned.

No additional considerations to those discussed by the court in the Citizens Bank decision are offered by the government on this point here and none occurs to us. Counsel for the bank makes suggestions of hardship to third parties if the lien is applied as the government seeks to apply it. These are in part answered by the recording provisions of the statute, 26 U.S.C.A. Int.Rev.Code, § 3672. But in any event, they are a matter for the Congress to determine as a matter of policy. We think the conclusions reached in the three 9th Circuit decisions cited above are sound, and we follow them.

This disposes of the case and the other questions raised and argued do not need to be passed upon. It is highly doubtful in view of the interpretation by the Pennsylvania courts of the Act of 1845, 42 P. S. § 886, whether the sum due Maddas was subject to attachment. See Bell v. Roberts, 1942, 150 Pa.Super. 469, 28 A.2d 715. But since the lien for the taxes was prior to the attachment, this question need not be decided.

Affirmed.