GOLDENBERG et al. v. WESTOVER,
Collector of Internal Revenue.
No. 10887.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1945.

Frank C. Weller, and Thomas S. Tobin, both of Los Angeles, Cal., for appellant Paul W. Sampsell.

George Bouchard, of Los Angeles, Cal., for appellant Blanche Goldenberg.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Maurice P. Wolk, and Helen Goodner, Sp. Assts. to the Atty. Gen., all of Washington, D. C., and Charles H. Carr, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

On October 30, 1939, the Commissioner of Internal Revenue determined that there was a deficiency of $1,727.76 (including a penalty of $345.55) in respect of the income tax of Blanche Goldenberg, hereafter called the taxpayer, for the calendar year 1935 and mailed her a notice of the deficiency. The 90-day period within which she might have filed a petition for a redetermination of the deficiency expired on January 29, 1940.[1] No petition was filed. Accordingly, on April 17, 1940, the deficiency was assessed, and on May 18, 1940, notice was given to and payment was demanded of the taxpayer.[2]

On December 26, 1939, the Commissioner determined that there was a deficiency of $1,347.93 in respect of the taxpayer's income tax for the calendar year 1936 and mailed her a notice of the deficiency. The 90-day period within which she might have filed a petition for a redetermination of the deficiency expired on March 26, 1940. No petition was filed. Accordingly, on April 19, 1940, the deficiency was assessed, and on May 15, 1940, notice was given to and payment was demanded of the taxpayer.

▉ The taxpayer having neglected to pay them, the aforesaid amounts ($1,727.76 and $1,347.93), with interest thereon, became liens in favor of the United States upon all property and rights to property, real or personal, belonging to the taxpayer.[3] Notice of the liens was recorded on June 10, 1940. On her 1935 tax indebtedness the taxpayer made a payment of $500 on March 13, 1942, and a payment of $502.35 on November 17, 1942. On her 1936 tax indebtedness she made a payment of $500 on March 13, 1942. She made no further payment.

The taxpayer was at all pertinent times a creditor of Zemansky Brothers, a partnership composed of Abraham Zemansky, David Zemansky and Solomon Zemansky. On October 31, 1939, the partnership and the members thereof were adjudged bankrupts. Paul W. Sampsell was appointed trustee. The taxpayer filed a claim against the bankrupt estate for $29,000. The claim was allowed in the sum of $16,681.14. Two dividends on the claim were declared and paid. Other dividends thereon, amounting to $2,837.09, were declared, but not paid.

On August 8, 1940, the Collector of Internal Revenue for the Sixth Collection District of California—the district in which the taxpayer resided—called the trustee's

---

[1] 26 U.S.C.A. Int.Rev.Code, § 272(a)(1).

[2] 26 U.S.C.A. Int.Rev.Code, § 272(c).

[3] 26 U.S.C.A. Int.Rev.Code, § 3670.

390

attention to the aforesaid liens and asked to be advised when dividends were payable to the taxpayer. On December 22, 1943, the trustee petitioned for and obtained from the referee in bankruptcy an order requiring the taxpayer and the Collector "to show cause why an order should not be made fixing the rights of the said parties and each of them in the dividends declared and to be declared upon said claim, and why an order should not be made directing the trustee in the manner of distribution of said funds."

The taxpayer and the Collector filed "answers" to the order to show cause. The taxpayer's "answer," in substance, alleged that the taxpayer owed no income tax for 1935 or for 1936 and prayed that the unpaid dividends on her claim be paid to her immediately. The Collector's "answer" asserted the aforesaid liens and prayed that dividends on the taxpayer's claim be "distributed" to the Collector until her 1935 and 1936 tax indebtedness was paid in full.

The referee, after hearing evidence, determined that the taxpayer owed no income tax for 1935 or for 1936 and ordered the trustee to pay to the taxpayer forthwith the unpaid dividends on her claim. On petition of the Collector, the referee's order was reviewed and reversed. The judgment reversing it directed the trustee to deposit with the clerk of the District Court all dividends payable to the taxpayer, "said deposit to await the outcome of the determination of her liability for 1935 and 1936 federal income taxes." From that judgment this appeal is prosecuted.

Appellants specify as error the reversal of the referee's order. That order was based on the referee's determination that the taxpayer owed no income tax for 1935 or for 1936. In so determining, the referee digressed from the administration of the bankrupt estate to settle a collateral dispute between the taxpayer and the Collector—a dispute in which the estate had no interest. The judge who reviewed the referee's order held, and we agree, that the digression was unwarranted.[4] The taxpayer's rights were adequately safeguarded by that part of the judgment which directed that dividends on her claim be deposited with the clerk pending determination of her tax liability for 1935 and 1936.[5]

Judgment affirmed.

---

4 Cf. In re Railroad Supply Co., 7 Cir., 78 F.2d 530; Central Hanover Bank & Trust Co. v. Kelby, 2 Cir., 133 F.2d 87?.

5 Cf. In re Railroad Supply Co., supra; In re Victor Brewing Co., 3 Cir., 146 F.2d 831.