## BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. UNITED STATES et al.

Civil Action No. 8836.

United States District Court
S. D. California, Central Division.

June 10, 1949.

Hugo A. Steinmeyer and Winfield Jones, Los Angeles, Cal., for plaintiff.

James M. Carter, United States Attorney, by E. H. Mitchell and Edward R. McHale, Assistant United States Attorneys, and Eugene Harpole, Special Attorney, Bureau of Internal Revenue, Los Angeles, Cal., for defendants.

McCORMICK, Chief Judge.

This is an action of equitable nature in the form of a suit to quiet title to real property situate in the County of Los Angeles, State of California, which is specifically described in the complaint.

As the result of pre-trial proceedings pursuant to Rule 16, F.R.C.P., 28 U.S.C.A., and a subsequent stipulation of facts all issues which arose under the complaint and answer have been settled by agreement. There admittedly remains but one question for decision, viz., the true amount of the priority lien claim of the plaintiff on the real property involved herein. The crucial facts of the case are as follows:

"On the 27th day of August, 1948, plaintiff, the beneficiary under a certain deed of trust dated November 7, 1946, executed by James O. Griffin and Vera L. Griffin, as trustors, to Corporation of America, a California corporation, as trustee, which deed of trust was recorded on December 2, 1946, in Book 24006, P. 93, of Official Records of Los Angeles County, California, and which deed of trust covered the real property which is the subject of this action, caused the real property covered by said deed of trust to be sold at foreclosure sale by the trustee under said deed of trust by exercise of the power of sale therein contained by reason of the default of the trustors in payment of the indebtedness secured thereby. At the time of said sale, said deed of trust secured the payment of an indebtedness of said trustors to plaintiff totalling $19,498.13, being the unpaid principal balance on two promissory notes dated November 7, 1946, and May 2, 1947, respectively, interest thereon to the date of said sale, advances made to protect said real property and costs, expenses and fees in connection with said foreclosure. The said real property was also at the time of said sale subject to numerous liens of the United States of America, as more fully set forth in that defendant's answer, for withhold-

ing taxes, federal insurance contribution taxes, federal unemployment taxes and income taxes due from said trustors to the United States; however, the notice of lien relative to each of the said tax debts was recorded in the office of the County Recorder of Los Angeles County, California, the county in which said real property is situated, subsequent to the time that the aforesaid deed of trust was recorded and subsequent to the time that the consideration for each of the aforesaid promissory notes was paid by plaintiff. Plaintiff being the highest and best bidder at said foreclosure sale purchased the said real property at said sale for the sum of $15,150.00, and Corporation of America, the trustee under said deed of trust, executed and delivered its trustee's deed to said property to plaintiff. Said deed was recorded on September 1, 1948, as document No. 2371 in the office of the County Recorder of Los Angeles County, and plaintiff has at all times since that time been the record owner of said property and entitled to possession thereof."

■ Primarily it should be noted that while the United States can not be denied the right to subject the real property involved in this action to its enforceable tax liens, in doing so it must recognize, observe and condition its impositions in accordance with correlated requirements of law. See Title 26 U.S.C.A. § 3670; Goldenberg v. Westover, 9 Cir., 1945, 150 F.2d 388.

■ In the light of the restrictive effects of the tax liens under the provisions of Section 3672 of Title 26 United States Code Annotated, it is clear that although the foreclosure and sale of the real property involved in this suit did not operate to efface or detach the Government's liens they still remain subordinate and inferior to plaintiff's right to exact from the property full payment of the debt which the property secured. See United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731.

We think in equity and good conscience the defendant has too generously construed Section 580d of California Code of Civil Procedure. Our attention has not been called to any applicable interpretation of this code section, and we have found none by independent search.

■ The salutary provisions of Section 580d are designed and intended to implement a statutory public policy ordained to protect debtors as a class against deficiency judgments in foreclosures. See California Bank v. Stimson, 1949, 89 Cal.App.2d ——, 201 P.2d 39.

It is clear that the remedial and relief aspects of Section 580d are for the benefit and protection of mortgage and trust deed debtors and that its scope and purview should not be enlarged to diminish or impair rights of others. Under the record before us the existing relative rights of the two lien claimants now having the entire ownership interests in the property in suit are not in any way involved in the deficiency proscriptions that are specified or contained in the language of Section 580d of the California Code of Civil Procedure.

In the face of the changed situations and circumstances since the foreclosure sale there is no equity in now requiring the primary lienholder to subordinate and confer any part of a just indebtedness to another lienholder, especially one subordinate in rank. United States v. Sampsell, supra.

We conclude by declaring the lien of the plaintiff to be a prior lien on the property involved in this suit for the sum of $19,498.13; that upon a resale of said property, which is hereby decreed to be made by the Marshal, the proceeds of sale should be paid after the deduction of costs of sale, first to plaintiff in payment of the aforesaid amount, to-wit, $19,498.13, and second, if any surplus there be, to the United States to apply upon its liens for taxes; and that at such sale either of the parties hereto should be allowed to bid for said real property and plaintiff should be allowed a credit on its bid at such sale for the amount of the aforesaid indebtedness, to-wit, $19,498.13.

Findings of fact, conclusions of law and appropriate judgment are ordered to be prepared herein in accordance with this memorandum decision and within five days from notice hereof, without costs, and attorneys for the plaintiff will accordingly prepare, serve and file such findings of fact, conclusions of law and judgment herein.