**In re SALSBURY MOTORS, Inc.**

No. 45207.

United States District Court,
S. D. California, Central Division.

Dec. 17, 1951.

Francis B. Cobb, Los Angeles, Cal., for Bankrupt.

Gendel & Raskoff, Los Angeles, Cal., for Receiver.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys. Bureau of Internal Revenue, Los Angeles, Cal., for United States.

WESTOVER, District Judge.

The within bankruptcy proceedings were commenced August 20, 1947, when the above named debtor filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

During the bankruptcy proceedings the Collector of Internal Revenue filed a claim for Federal Insurance Contributions, withholding, Federal unemployment taxes and manufacturers' excise tax in the sum of $27,760.58. The Collector of Internal Revenue was scheduled as a preferred creditor and received notice of all proceedings. The claim of $27,760.58 was ordered paid by the Referee and was subsequently paid by the Receiver.

The debtor proposed a Plan of Arrangement. After due notice to all creditors, including the Collector of Internal Revenue, a Second Amended Plan of Arrangement proposed by the debtor was confirmed on July 30, 1948, and the order has become final.

Article II of the second amended plan of arrangment provided:

"That there be transferred and returned to the debtor, all of the real property and personal property referred to and sought to be sold to the Brown-Bevis Company under an order confirming sale to them on February 16, 1948, free and clear of all liens, claims and rights of all secured or unsecured persons, and free and clear of all claims of dischargeable and non-dischargeable debts except the lien in favor of a bank or lending institution in the amount of Five Hundred Fifty Thousand Dollars ($550,000.00) * * * protecting the debtor and the assets so returned to the debtor from suits, claims and liens in respect to said assets, and substituting in lieu thereof, for the parties asserting such claims, the right to file a claim with the above entitled court and to be paid from the assets in the hands of George T. Goggin as receiver * * *."

The Order Confirming Debtor's Second Amended Plan of Arrangement provided in part:

"It Is Further Ordered that a sale heretofore confirmed to Brown-Bevis Company, of certain assets of this corporation, be and the same is hereby disaffirmed, that said assets covered by said Order Confirming Sale are hereby vested in and adjudged to be the property of the debtor corporation, free and clear of all liens, claims and rights of all creditors and persons, and free and clear of all claims of dischargeable and non-dischargeable debts except the lien in favor of the Bank of America National Trust and Savings Association to secure a note in the amount of

$550,000.00, which note shall be secured by a deed of trust and chattel mortgage * * *."

Under the second amended plan of arrangement, the debtor corporation borrowed from the Bank of America National Trust & Savings Association $550,000, of which sum $500,000 was to be used to pay off the various creditors of the corporation. It was distinctly provided by Order of the Bankruptcy Court that

"* * * there is substituted in lieu of said liens and claims of creditors, the sum of $500,000.00, being received by George T. Goggin, as receiver, as part of the debtor's Second Amended Plan of Arrangement, and that all persons and parties shall have the right to file a claim with the above entitled court and be paid from the assets in the hands of said George T. Goggin, as receiver, such amounts as the court may adjudge and determine, * * *."

Prior to filing the original petition under Chapter XI of the Bankruptcy Act on August 20, 1947, that is, on February 27, 1947, the debtor herein had filed with the Collector of Internal Revenue an application for a tentative carry-back adjustment under Section 3780 of the Internal Revenue Code, 26 U.S.C.A. § 3780. After a cursory examination of the application by the Bureau of Internal Revenue (and before the filing of the petition under Chapter XI of the Bankruptcy Act) the applicant received a refund of $74,120.18 from Internal Revenue. Subsequently, the Bureau of Internal Revenue caused an audit to be made of the carry-back adjustment and as a consequence discovered the debtor corporation had been paid $17,480.73 more than it was entitled to receive under the provisions of the carry-back adjustment procedure.

The Collector of Internal Revenue amended the original tax claim filed in the within proceedings, based upon the overpayment of refund. After correspondence and consultation between the representatives of the Collector of Internal Revenue and counsel for Receiver, the Collector withdrew his claim for $17,480.73, stating by letter:

"Since it appears said claim was not timely filed and upon advice from the Chief Counsel for the Bureau, said claim is hereby withdrawn from further consideration * * *"

On March 2, 1950, the Commissioner of Internal Revenue assessed taxes in the sum of $17,480.73 against the debtor corporation, under the provisions of Section 3780 (c) of the Internal Revenue Code. On November 15, 1950, an Order to Show Cause was issued by the Referee in Bankruptcy, directing the Collector of Internal Revenue to show cause why an order should not be entered, enjoining collection of the assessment of March 2, 1950 from the debtor or its assets.

Subsequently, and on February 13, 1951, an Order was entered, restraining the Collector for the 6th District of California from asserting a claim for the overpayment against Salsbury Motors, Inc. This petition for review was filed to review the order of the Referee which restrained the Collector from asserting a claim against the debtor corporation.

It is the position of the debtor corporation that under the second amended plan of arrangment the property of the bankrupt was free and clear of all debts and liabilities, including the claim of the Collector of Internal Revenue for the money which had been erroneously claimed by taxpayer and refunded to it. The debtor points out that there were substituted certain moneys, then in the hands of the Receiver to pay all of such claims, and it appears that the Receiver had and now has in his possession sufficient money to pay the claim in full, had it been timely filed.

The Receiver contends that inasmuch as the claim was not timely filed, although he does have the money to pay the claim and it was contemplated in the arrangement that the claim would be paid, nevertheless, he does not have any authority to pay it.

Internal Revenue contends, on the other hand, that the debtor corporation by the

adoption of the second amended plan of arrangement did not absolve itself of the Government's lien upon the corporate assets, and that it is entitled to a lien until the money is actually paid.

Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, provides that taxes are not a dischargeable debt. And Section 371 of the Bankruptcy Act, 11 U.S.C.A. § 771, specifically exempts from operation of discharge the debts specified in Section 17 of the Bankruptcy Act.

The United States of America, in filing its petition for review of the Referee's order, raises three issues:

1. The Referee in Bankruptcy erred in concluding that the Collector of Internal Revenue (or the United States of America) by failing to file a claim within the one-year date of the filing of the proceedings is barred from asserting claims against the assets in the hands of the Receiver, or against the debtor corporation, for internal revenue taxes;

2. The Referee in Bankruptcy erred in concluding that the Collector of Internal Revenue (or the United States of America) is bound by the order confirming debtor's second amended plan of arrangement; and

3. The Referee in Bankruptcy erred in concluding that the debtor was entitled to a restraining order, restraining the Collector of Internal Revenue from asserting any claim on behalf of the United States of America for internal revenue taxes against the debtor, or its assets, or attempting to collect the same, either from the Receiver or from the debtor corporation.

The first point raised by the Government is two-fold:

(1) That the Referee erred in concluding the Collector of Internal Revenue (or the United States of America) was barred against asserting any claim for internal revenue taxes against the money in the hands of the Receiver, or

(2) against the debtor corporation.

The Collector of Internal Revenue, in withdrawing the claim in the bankruptcy proceedings, evidently came to the conclusion that he was barred from asserting any claim against the assets in the hands of the Receiver, since the claim was not filed within the one-year period.

The question is whether the Collector of Internal Revenue can now proceed against the debtor corporation.

Liens for internal revenue taxes are much broader than ordinary liens. An ordinary lien attaches to specific property in existence at the time the lien arises. Liens for internal revenue taxes, however, attach not only to all property owned by the defaulting taxpayer at the time of the assessment but also attach to after-acquired property. This distinction is important in reaching a conclusion in this case, as it is stipulated that the bankrupt corporation has after-acquired property.

It is the position of the Government that the Bankruptcy Court could not in any way destroy the lien the Government had and that if the bankrupt has acquired any property which was not within the bankruptcy proceedings, that lien is still valid and in effect and attaches to such property, and the Government has the right to proceed to enforce its claim.

There can be no question that taxes are not dischargeable in bankruptcy proceedings. However, the debtor raises the issue that inasmuch as the Collector of Internal Revenue participated in the proceedings in question and had knowledge thereof, he is now estopped from attempting to collect the amount due.

The Collector admitted that the claim was not timely filed and it was withdrawn from further consideration in the bankruptcy proceedings; but there is nothing in the record to indicate the Government has done anything which would in any way estop it (if the Government could be estopped) from maintaining its lien upon property not within the bankrupt estate.

The original claim for a tentative carry-back adjustment, filed by the debtor herein named, was accepted by the Government as correct. The Government relied upon the ability and integrity of the taxpayer to correctly compute and file its tax returns. In accepting the taxpayer's

figures as correct, the Government refunded an amount erroneously computed by the taxpayer itself. The error is taxpayer's error. Certainly the Government is entitled to repayment of its money, either from the Receiver or from the debtor·taxpayer. The Receiver admits that the property in question was sold free and clear; admits that he now has sufficient money in hand to pay the claim in question; but he refuses to pay the claim upon the ground that it was not filed in time.

It would appear that if and when the Collector of Internal Revenue collects the money due from the corporation, the corporation would then have the right to demand reimbursement from money in the hands of the Receiver, as the Receiver now has the money on hand, and it was the intention that the claim of the Government for the overpayment of refund be paid.

█ It is admitted by the parties hereto that the debtor corporation has acquired property subsequent to the bankruptcy proceedings. The Bankruptcy Court had no authority to and, in fact, did not attempt to destroy the lien of the Collector. The lien is good and valid and attaches to after-acquired property of the bankrupt.

The Court is of the opinion the Referee did err in concluding that the Collector of Internal Revenue or the United States Government could not proceed against the debtor corporation for internal revenue taxes.

Inasmuch as the Government now desires to proceed against the corporation and is not attempting to proceed in the bankruptcy matter, the one-year limitation requirement does not apply. It would consequently follow that the Referee in Bankruptcy erred in concluding that the debtor was entitled to a restraining order, restraining the Collector of Internal Revenue from asserting any claim·in behalf of the United States of America for internal revenue taxes against the debtor.

The judgment of the Referee is, therefore, reversed; petitioner requesting review of the Referee's order shall prepare Findings of Fact, Conclusions of Law and Judgment.