SALSBURY MOTORS, Inc.

v.

UNITED STATES et al.

GOGGIN

v.

SALSBURY MOTORS, Inc.

No. 13379.

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1954.

Writ of Certiorari Denied
April 26, 1954.

See 74 S.Ct. 679.

Francis B. Cobb, Los Angeles, Cal., for appellant.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Asst. Atty. Gen., Harry Marselli, Walter Akerman, Jr., Special Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward H. Mitchell, Edward McHale, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Gendel & Raskoff, Los Angeles, Cal., for cross-appellant.

Before STEPHENS, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellants here each appeal from an order and judgment of the above district court which reversed an order of the Referee made in a proceeding growing out of a plan of arrangement and an order confirming the same under Chapter XI of the Bankruptcy Act. The facts of the case are set forth in the opinion of the District Judge in Re Salsbury Motors, D.C.Cal., 104 F.Supp. 482. As there disclosed, Salsbury Motors, a California corporation, had filed the petition for an arrangement, and an amended plan proposed by it was confirmed. Under that plan and the order confirming it, the assets of the debtor were "vested in and adjudged to be the property of the debtor corporation, free and clear of all liens, claims and rights of all creditors and persons, and free and clear of all claims of dischargeable and non-dischargeable debts" except the lien of the Bank which advanced $550,000 on the security of those assets, such sum being placed in the hands of the receiver who, as disbursing agent, was to pay creditors' claims therefrom. The order recited "that this court retains and reserves jurisdiction to determine the amount and validity of all claims of creditors, both secured and unsecured, and the classification of said claims, and all objections that have heretofore been made or that may be made in regard thereto, with a like effect and power as if the above named debtor had been adjudged a bankrupt. * * *" It was ordered that the receiver pay to creditors their liens and claims "in order that the assets ordered to be delivered to the debtor may be delivered * * * free and clear of such liens and claims, * * * and all secured and unsecured creditors and other parties are hereby enjoined from interfering with or asserting any claim to any of the assets being vested in the debtor corporation under the Second Amended Plan of Arrangement and this order confirming the same."

The schedules showed the Collector of Internal Revenue as a creditor. He filed a claim which was paid in full. However, more than a year after the filing of proceedings, as a result of audit of previous returns of the debtor, the Collector

issued a letter of proposed assessment. He filed proof of claim of the amount named in that letter, $17,806.27 plus interest. The claim was withdrawn as not having been filed in time. Thereupon the Commissioner of Internal Revenue assessed against Salsbury Motors the sum mentioned above under the provisions of Internal Revenue Code § 3780 (c).[1] The debtor then filed the petition with the Referee setting forth the fact that such assessment had been levied,[2] "that the same constitutes a lien against all of your petitioner's assets, which act of the Collector is in violation and contrary to the order of this court". The petition further alleged that the Receiver held funds sufficient to satisfy "any proper tax claims", and that "to permit the Collector to collect said claim against the assets of the debtor corporation, instead of against the funds in the hands of this Court, is in violation of the letter and spirit of said Second Amended Plan of Arrangement and the Order approving the same." It was alleged on information and belief that the claim of the Collector was "based on erroneous figures". The petition prayed for an order to show cause requiring the Receiver and the Collector to show cause why an order should not be entered enjoining the Collector from asserting that claim or any claim against the petitioner or its assets and why the court should not adjudge that the petitioner and the assets are not liable to the Collector. The order to show cause which was issued varied somewhat from the prayer of the petition in that it in addition to requiring cause to be shown why the injunction should not be issued, required cause to be shown "why an order should not be entered determining the validity and amount of any claim due the Collector

* * * and requiring the same to be paid from the assets in the hands" of the Receiver.

After hearing the Referee made findings which recited the facts to be substantially as alleged in the petition, and from those facts the court concluded that the Collector had notice of the arrangement proceedings, participated therein and accepted the benefits therefrom; that the Collector had in his possession the facts from which he might have prepared and asserted a claim against the assets in the hands of the court provided he filed it within one year from the filing of the proceedings, but having failed so to do, the Collector was now barred from asserting any claims against the assets in the hands of the Receiver or against the debtor corporation. The Referee further concluded that the Collector was bound by the order confirming the plan of arrangement, that the order was final, and that to permit the collection of the Collector's claim against the debtor would be in violation of the order and the terms of the plan, and that the debtor was entitled to a restraining order enjoining the Collector from asserting any claim against the debtor or its assets or attempting to collect the same. The order of injunction was issued accordingly.

The order of the district court from which this appeal is taken was made upon petition by the United States to review the Referee's order; it reversed and dissolved the order of the Referee restraining and enjoining the Collector from asserting the claim made against Salsbury Motors.

*The Debtor's Appeal.*

Salsbury Motors, the first appellant mentioned, argues here that the Collector was bound by the plan of arrangement and the order of the court confirming the

[1.] This section admittedly applicable here permitted him to "assess the amount of the excess as a deficiency as if it were due to a mathematical error appearing on the face of the return, as provided in section 272(f)." The latter section provides that a taxpayer in the case mentioned has no

right to file a petition with the Tax Court based on such assessment. Hence his only remedy is to satisfy the deficiency, file claim for refund, and sue to recover the same.

[2.] Although it was alleged that the assessment was made by the "Collector".

same; that that order was final and res adjudicata, and that the levying of an assessment against the debtor corporation was in violation of that portion of the order approving the plan which required the holders of claims to look to the funds in the hands of the Receiver, and which enjoined all creditors and other parties "from interfering with or asserting any claim to any of the assets being vested in the debtor corporation". In support of this argument this appellant refers to those provisions of the Bankruptcy Act which provide that such an arrangement shall be binding upon all creditors of the debtor. 11 U.S.C.A. §§ 767–771. It argues that the United States or the Collector would be a creditor within the meaning of this portion of the Act and that an arrangement of the character here involved was one appropriately made under the provisions of the Act.

■ Even if we were to grant all that is said with respect to the finality and scope of the order confirming the arrangement, we think that the District Court was right in setting aside the injunction. It was provided in the order that the assets there described "are hereby vested in and adjudged to be the property of the debtor corporation, free and clear of all liens, claims and rights of all creditors and persons, and free and clear of all claims of dischargeable and not dischargeable debts." But as pointed out by the court below in its opinion, it was admitted by the parties "that the debtor corporation has acquired property subsequent to the bankruptcy proceedings." The statutory lien for taxes attaches to after acquired property. Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Citizens Nat. Trust & Savings Bank of Los Angeles v. United States, 9 Cir., 135 F.2d 527.

■ The United States takes the position that it was not asserting any claim against the assets of the debtor acquired by it from the Bankruptcy Court, but that its attempt to collect is limited to the subsequently acquired assets of the debtor. We agree with the District Court that the Bankruptcy Court was not concerned with those subsequently acquired assets and that it had no jurisdiction or authority over them. Bank of Elberton v. Swift, 5 Cir., 268 F. 305; cf. Local Loan Co. v. Hunt, 292 U.S. 234, 243, 54 S.Ct. 695, 78 L.Ed. 1230. The property as to which the lien was claimed by the Collector and the Commissioner was wholly outside the arrangement proceedings.

■ The original order confirming the plan enjoined all parties "from interfering with or asserting any claim to any of the assets being vested in the debtor corporation". As the after acquired property was not a part of those assets, the action of the Collector was not within the terms of that injunction. The debt represented by the amount claimed to be due the United States is not a dischargeable debt. Bankruptcy Act, § 17, 11 U.S.C.A. § 35. Since it is not dischargeable and is a lien upon the after acquired property, it was plainly error for the Referee to issue his injunction, for that injunction was all-inclusive, and made no exception for after-acquired property. The showing could not be made that "under no possibility could the attempted exaction be held legal"; hence injunction should be denied. Matcovich v. Nickell, 9 Cir., 134 F.2d 837; Internal Revenue Code § 3653. And here, since the tax was assessed under § 3780(c) of the Internal Revenue Code, (see note 1 supra), injunction would be especially inappropriate, as the taxpayer's only remedy under that section is to pay the tax and sue for refund.

Salsbury Motors also specifies as error the failure of the District Court to direct that the claim of the Collector should be paid from the funds held by the Receiver. It is not at all plain that this appellant is in a position to make such a contention. The record does not disclose that it sought any such relief in the court below. Its petition to the Referee alleged that the claim was an improper one in that it was barred by the statute of limitations; and as previously noted, the petitioner

alleged on information and belief that the claim was "based on erroneous figures". Also, it will be recalled, the order to show cause did not entirely conform to the prayer of the petition which in addition to seeking the injunction, merely prayed that the court adjudge that the petitioner was not indebted to the Collector, and prayed for such further orders as the court deemed just and proper. The order to show cause, on the other hand, in addition to requiring a showing as to why the injunction should not be issued required that the Collector and the Receiver show cause "why an order should not be entered determining the validity and amount of any claim due the Collector * * * and requiring the same to be paid from the assets in the hands of George T. Goggin as Receiver."

We have noted that the order made by the Referee was limited to the enjoining of the assertion of the claim by the Collector. It appears that now the appellant Salsbury Motors believes that when the District Judge set aside the restraining order he should have proceeded to grant to petitioner alternative relief by determining the amount and validity of the Collector's claim and directing that the amount found valid be paid from the funds of the Receiver. The argument in support of the District Court's alleged power to make such an order appears to be that the Bankruptcy Court is invested with jurisdiction in equity and in this particular case acquired lawful custody of the property in the possession of the Receiver and which is held by the court in trust for those to whom it rightfully belongs. In this connection it is said that the court has the inherent power as a court of equity to inquire and determine who are the lawful owners of that fund, and that the court could direct the Referee to make such a determination, particularly in view of the fact that the Referee had reserved jurisdiction in the order confirming the plan.

■ Even if we were to assume that this appellant were in a position to make such argument, we think it is untenable. The time for the filing of a claim by the Collector against the Receiver had expired even before the claim which was afterwards withdrawn had been presented. The United States was making no claim against the Receiver, or the funds in his hands. The taxpayer's remedy for the determination of the validity and amount of the tax was not in the Bankruptcy Court any more than it was in the Tax Court.

*The Receiver's Appeal.*

■ The Receiver has also appealed contending that the District Court was in error in failing expressly to hold that neither the Receiver nor the estate in bankruptcy had any liability to either the debtor or the United States by reason of the tax claim referred to. The practical reason for the Receiver's appeal is stated in his brief. After referring to the long period of time during which these Chapter XI proceedings had been pending and the extensve litigation which has accompanied them,[3] he says: "Since the denial of certiorari in the last cited case, these long and complicated proceedings have been ready for closing but for the matter raised on this appeal in which we respectfully contend the Receiver has no rightful place. However, by reason of the District Court's refusal squarely to hold that the Receiver is not liable to either the government or the debtor, regardless of the final disposition of the controversy between them, the estate cannot be closed."

Cross-appellant is correct in asserting he has no rightful place here. We think that the Receiver should not have been made a party to the proceedings initiated

---

3. Goggin v. Bank of America, 9 Cir., 183 F.2d 322, 22 A.L.R.2d 470, certiorari denied 340 U.S. 877, 71 S.Ct. 122, 95 L.Ed. 637; Goggin v. Bank of America, 9 Cir., 186 F.2d 158, certiorari denied 341 U.S. 931, 71 S.Ct. 804, 95 L.Ed. 1360.

by the petition for a restraining order. It is true that the District Court did in its opinion insert the following statement: "It would appear that if and when the Collector of Internal Revenue collects the money due from the corporation, the corporation would then have the right to demand reimbursement from money in the hands of the Receiver, as the Receiver now has the money on hand, and it was the intention that the claim of the Government for the overpayment of refund be paid." 104 F.Supp. 482, 486. However, it is apparent that this is merely a passing remark made by the Judge in the course of his opinion. No such finding or order is contained in the District Court's findings, or in the order from which this appeal has been taken. Clearly the contingency mentioned in the Judge's remark has not yet occurred and the court below was not called upon and had no authority to determine the rights the petitioner might subsequently acquire after the validity of the Collector's claim had been adjudicated in an appropriate forum.

We hold that the order and judgment here affirmed and the record in this case disclose no obstacle whatever to the immediate distribution of the funds in the hands of the Receiver. If, as the record indicates, there are funds which exceed by the amount of the tax claimed, the amount required to satisfy the approved claims, it will be for the Bankruptcy Court, after all claims are paid, to determine whether such residue in the hands of the Receiver should then be paid to the debtor, or whether such surplus should be distributed as additional interest to the claimants. Cf. Johnson v. Norris, 5 Cir., 190 F. 459. That question is not before us.

Thus, although we here approve the position of the cross-appellant, the construction which we have placed upon the court's order makes modification thereof unnecessary. The order of the District Court so construed by us is affirmed. The costs of both appeals shall be paid by the appellant Salsbury Motors, Inc.