SALSBURY MOTORS, Inc., Whose Name Has Been Changed to Wayne Manufacturing Co., Appellant,

v.

UNITED STATES of America, George T. Goggin, Receiver of Salsbury Motors, Inc., Debtor, Appellees.

George T. GOGGIN, Receiver in Bankruptcy of the Estate of Salsbury Motors, Inc., Debtor, Appellant,

v.

SALSBURY MOTORS, Inc., Whose Name Has Been Changed to Wayne Manufacturing Co., and United States of America, Appellees.

No. 13379.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1954.

Francis B. Cobb, Los Angeles, Cal., for appellant.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Asst. Atty. Gen., Harry Marselli, Walter Akerman, Jr. Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward H. Mitchell, Edward McHale, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Gendel & Raskoff, Los Angeles, Cal., for cross-appellant.

Before STEPHENS, ORR and POPE, Circuit Judges.

PER CURIAM.

In its opinion in this case, 9 cir., 210 F.2d 171, certiorari denied 347 U.S. 953, 74 S.Ct. 679, this court construed the decision of the trial court there under review as not having determined or adjudged whether if the United States collected its claim from Salsbury Motors, Inc., the latter would then have the right to demand reimbursement from money in the hands of the receiver. Accordingly, having held that the question of recovery over was not actually before the trial court, and was not decided by it, this court held in effect that it was not necessary for the court to pass upon that question or to consider the merits of the receiver's cross-appeal.

It is disclosed by the present motion that subsequent to the filing of this court's mandate in the court below, Salsbury Motors, the debtor, paid the amount of the government's claim and thereupon filed a petition with the referee in bankruptcy setting forth such payment (in the amount of $16,753.78 with interest

in the amount of $4,212.08), and praying that the court issue an order requiring the receiver to show cause why an order should not be entered directing him to reimburse the debtor from the funds held by him in the amount thus paid by the debtor to the government.

Following issuance of an order to show cause as thus prayed for, the receiver has filed this motion asserting that the action of the bankruptcy court in entertaining said petition and issuing the order to show cause thereon, is in violation of and contrary to the mandate of this court. It is apparent that a condition of hardship exists in that the pendency of the petition mentioned has further delayed final distribution to the creditors of the sums remaining in the hands of the receiver. By his motion the receiver asks us, as he did in his cross-appeal, to hold that under the facts and the law there is no merit in a claim by the debtor for reimbursement from the receiver. The debtor on the other hand, contends that under the true intent and meaning of the plan of arrangement the debtor is entitled to such recovery.

This court is not now prepared to hold that the debtor's claim thus presented by the petition aforesaid is without merit. Notwithstanding the court's sympathy with the receiver's desire to bring the whole matter to a speedy conclusion, it is of the view that it is without authority in a proceeding for the interpretation of the court's mandate to decide a question which it has heretofore held was not involved in the original appeal.

It appears that the receiver has on hand the sum of $90,480.28. It does not appear to the court that there would be any obstacle to a present distribution to creditors of that portion of said sum not required to be withheld pending the outcome of hearing upon the aforesaid petition. In any event, it appears to the court that it is without authority or jurisdiction to dispose of the controversy arising out of such petition, and accordingly, the order prayed for in such motion is denied.