**WEST COAST CREDIT CORPORATION, a corporation, Plaintiff,**

v.

**Elmer E. RENFRO and Valeria G. Renfro, his wife; United States of America; and Webb Tractor & Equipment Co., a corporation, Defendants.**

No. 4393.

United States District Court
W. D. Washington, N. D.
July 25, 1958.

Wesley J. Mifflin, Seattle, Wash., for plaintiff.

Thomas R. Winter, Sp. Asst. to the Regional Counsel, Internal Revenue Service, Seattle, Wash., for defendant United States.

C. W. Halverson, Yakima, Wash., for defendant Webb Tractor & Equipment Co.

BOLDT, District Judge.

Plaintiff (hereafter referred to as WCCC) brought an action in the Superior Court of King County, Washington, to foreclose a chattel mortgage on a D-7 caterpillar tractor. Defendants in the action were the mortgagors, Elmer E. Renfro and wife, and the United States of America. Cross-complainant Webb Tractor & Equipment Company (hereafter referred to as Webb) joined the action after it had been removed to this court by the United States.

At all times relevant to this case Renfro and wife were and now are permanent residents of and domiciled at Cle Elum in Kittitas County, Washington. On February 5, 1953 Webb sold the tractor in question to Renfro on a duly executed conditional sales contract filed with the auditor of Kittitas County on the same date.

On November 30 and December 23, 1955, federal withholding, FUTA and FICA taxes were assessed against Renfro. The taxes totalled $6,177.04 on January 31, 1956 on which date, pursuant to 26 U.S.C. § 6323(a)(1), a notice of federal tax lien in said sum was filed in the office of the Kittitas County auditor.

From the time of its purchase in 1953 until the first of December, 1955 the mortgaged tractor was located at Cle Elum. About the latter date the tractor was taken out of Washington temporarily while Renfro engaged in logging for a short time at Pendleton, Oregon. During this period the government filed its notice of tax lien in Kittitas County. On May 1, 1956 the tractor was moved from Pendleton to Dayton, Washington, and on May 10, 1956 again returned to Cle Elum where it remained until late November, 1956 when it was taken to Seattle in King County. On November 30, 1956 at Seattle, WCCC received the chattel mortgage from Renfro which plaintiff contends has precedence over the government tax lien. This mortgage was given as security for a loan to Renfro, WCCC refusing to make the loan unless Webb would cancel its rights under the conditional sales contract and accept a mortgage junior to that of WCCC. Both these mortgages were duly executed and filed in King County.

Both WCCC and Webb assert that their respective chattel mortgages should have priority over the government tax lien. They contend that as the lien notice was filed in the county of the taxpayer's residence and not in a county where the tractor was located at the time of filing, the provisions of R.C.W. 60.68.010 [1] were not complied with and the lien may not be enforced against mortgagees under 26 U.S.C. § 6323(a)(1). [2]

1. "*60.68.010 Notice of lien and of discharge may be filed.* Notices of liens for internal revenue taxes payable to the United States and certificates discharging the liens may be filed in the office of the county auditor of any county or counties in which the property subject to the lien is situated."

2. "(a) *Invalidity of lien without notice.* — * * * the [tax] lien * * * shall

482

The evidence shows that the tractor was brought back into Kittitas County on May 10, 1956, over six months prior to the date of the WCCC and Webb mortgages and while the previously filed lien notice was in effect. It is well settled that a federal tax lien attaches to any property of the taxpayer acquired after assessment of the tax. Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Salsbury Motors, Inc. v. United States, 9 Cir., 1954, 210 F.2d 171. In Citizens National Trust & Savings Bank of Los Angeles v. United States, 9 Cir., 1943, 135 F.2d 527, a government tax lien filed in 1931 was held enforceable and entitled to priority over the subsequent lien of a judgment creditor as to property the taxpayer acquired in 1938; accord, Nelson v. United States, 9 Cir., 1943, 139 F.2d 162, certiorari denied 322 U.S. 764, 64 S.Ct. 1287, 88 L.Ed. 1591. This principle of federal law is cited and applied in numerous other cases. In view thereof 26 U.S.C. § 6323(a)(1) should not be interpreted so as to bar enforcement of a tax lien on tangible personal property of the taxpayer brought into the taxpayer's residence county where a lien notice is of record and in effect, even though the property was temporarily absent from such county at the time the lien was filed. Since the tax lien became enforceable as to subsequent mortgagees when the tractor returned to Kittitas County on May 10, 1956, it is unnecessary to consider whether the lien was effective at the time of its filing on January 31, 1956. The priority of the lien was not affected by the later removal of the property from Kittitas County to King County. Grand Prairie State Bank v. United States, 5 Cir., 1953, 206 F.2d 217; cf. Mayor v. Andrew, par. 72,704 P.H.Fed. Tax Serv. 1953, 45 A.F.T.R. 1239.

The contentions of WCCC and Webb as to subrogation, the two-funds theory of

marshaling, reinstatement of the conditional sales contract, and estoppel against the United States have been examined and found to be without merit.

Findings, conclusions and judgment in conformance herewith may be presented at the convenience of counsel.

---

not be valid as against any mortgagee, * * * or judgment creditor until notice thereof has been filed * * *

"(1) *Under state or territorial laws.*— In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory * * * has by law designated an office within the State or Territory for the filing of such notice; * * *"