In re STOLLER.

District Court, S. D. New York.
Sept. 1, 1938.

Bernard Waxstein, of Yonkers, N. Y., for petitioner.

Philip Feldman, of New York City, for judgment-creditor.

PATTERSON, District Judge.

The bankrupt applies for an order restraining one Hyman from collecting on a judgment in the state court. Hyman recovered judgment against the bankrupt in the New York Supreme Court in 1933, for goods sold and delivered. In 1937 the bankrupt filed voluntary petition in bankruptcy. In his schedules he listed Hyman as a creditor, with address unknown. The bankrupt received his discharge in February 1938. A few months later Hyman took proceedings to garnishee the bankrupt's salary, which precipitated the present application. Hyman says that it was not until after discharge that he was made aware of the bankruptcy and that the claim was not dischargeable because not properly listed in the bankrupt's schedules. In support of the application the bankrupt states that it is his intention to bring a proceeding in the state court to have the judgment discharged of record, under section 150 of the New York Debtor and Creditor Law, Consol.Laws, c. 12, but that by the terms of that statute he is not permitted to bring such a proceeding until one year after discharge in bankruptcy; he accordingly asks for an injunction to continue only until he may be in a position to get such relief in the state court. The cited section of the Debtor and Creditor Law provides that a judgment debtor who has been discharged in bankruptcy may bring proceeding on the expiration of one year after discharge to have the judgment discharged of record.

The judgment creditor, resisting the application, urges that the bankruptcy court has no power to restrain him after the bankrupt has received his discharge. Formerly it was thought that the power of the bankruptcy court to protect the bankrupt against proceedings by creditors in other courts died with the bankrupt's discharge. In re Havens, 2 Cir., 272 F. 975. At the present time it is plain that the bankruptcy court has jurisdiction even after discharge to restrain proceedings by creditors to collect on their claims in other courts. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. But exercise of such jurisdiction after discharge in bankruptcy is limited to cases where the bankrupt's remedy in other courts is inadequate. In general the bankrupt who has won his discharge must look to other courts, usually the state courts, to have the discharge enforced and proceedings against him restrained. In re Devereaux, 2 Cir., 76 F.2d 522. So the question whether the present application should be entertained turns on whether the bankrupt has an adequate remedy in the state court where his alleged grievance may be tried.

The bankrupt refers to the fact that a proceeding in the state court under the Debtor and Creditor Law to have the judgment cancelled of record may not be commenced until one year after the discharge, and submits that such a proceeding is no remedy to protect his rights in the interval. That is quite true. But the bankrupt has another remedy in the state court. He may forthwith apply to that court, in the action wherein the judgment was recovered, to have the garnishee execution modified, calling attention to his discharge, and on such application the court would decide whether the claim represented by the judgment was one of the claims not affected by discharge in bankruptcy as provided in section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. See Ulner v. Doran, 167 App.Div. 259, 152 N.Y. S. 655; Brenen v. Dahlstrom Metallic Door Co., 189 App.Div. 685, 178 N.Y.S. 846; Friedman v. Gibbons, 101 Misc. 356, 167 N.Y.S. 685. That remedy is immediate and adequate. The bankruptcy court therefore must decline to entertain the present application. The application will be dismissed without consideration of the merits of the matter.