## In re PATT.

### No. 12678.

District Court, E. D. Tennessee, S. D.

Sept. 19, 1941.

Paul E. Hammack, of Chattanooga, Tenn., for bankrupt.

Charles Fisk Rolston, of Chattanooga, Tenn., for Family Clothing Corporation.

DARR, District Judge.

A petition is filed seeking to enjoin the enforcement of a magistrate's judgment which was obtained under circumstances that will be detailed.

The petitioner was adjudicated a bankrupt on February 26, 1941 and was discharged on August 4, 1941. The defendant in the petition is the Family Clothing Corporation.

On December 7, 1940, the defendant sold the bankrupt a jacket valued at $7.98, and on December 16, 1940 sold him two shirts valued at $3.50. These goods were sold on credit to be paid for at the rate of $1 per week and title was retained in the seller.

It appears from the record that this defendant maintains a business of selling clothing at high prices on credit to the industrial workers of the city, many of whom are humble and ignorant.

It further appears that a whole docket is set aside for the defendant in a magistrate's court for use in entering cases where the defendant has brought suit against such customers for the purpose of obtaining judgments and issuing garnishments against their wages. The record discloses that some 700 of these cases have been instigated and prosecuted by this defendant in the last fourteen months.

This court feels that such conduct does not conform to the best business ethics nor is it in line with governmental righteousness.

In this case the defendant first brought suit against the bankrupt before the adjudication and obtained a judgment on what it termed a contract.

After adjudication and after the defendant had notice, the defendant again brought suit against this bankrupt, said suit being brought on May 5, 1941, and judgment purported to be entered on May 30, 1941. This suit purports to be upon an action of detinue.

From the record it would seem that the judgment was first entered on May 24, 1941 and was for $41.35. The figures "30" are written over the figures "24" on the judgment and it appears that the figures "$41.35" were scratched out and thereafter entered the figures "$8.98". Just how these manipulations occurred the court is unable to say but it would seem to be that this conduct tends to the prejudice of this bankrupt, he being an ignorant negro.

A question of fact to be determined in the outset is whether the bankrupt made a new promise to pay this obligation irrespective of its legality. The burden of this proposition would be upon the defendant and such being true, it is the judgment of the court that the defendant has failed to carry the burden and no new promise was made.

An important legal question is presented which is to this effect: Does a creditor have the right to sue a bankrupt debtor after adjudication and before discharge?

There seems to be no question but what a creditor with a lien may bring suit to enforce his lien while the bankruptcy action is pending. There seems to be some

authority that a creditor may bring a suit on a debt to obtain judgment after adjudication and before discharge.

On the other hand, there is authority, at least so construed by this court, that the bankruptcy court has exclusive jurisdiction to determine all claims which would exclude the jurisdiction of a state court to pass upon the liability of a bankrupt on any given claim. United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055; Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281.

While it might be argued that a suit to obtain a personal judgment is not a claim against the estate, yet it must be remembered that the bankruptcy law is primarily for the benefit of the person taking advantage of its provisions.

It has been said that the object of the bankruptcy law is to "release the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations consequent to business misfortune".

If it should be that a state court had concurrent jurisdiction to pass upon claims while the bankruptcy suit is pending, then there would arise a multiplicity of suits and much embarrassment, harassment and expense would ensue.

There is no question but that equity jurisdiction is retained in the bankruptcy court to enjoin the prosecution of suits brought against the debtor. Local Loan Company v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

But it does not become absolutely necessary for a court to determine that a suit cannot be brought against a debtor pending the bankruptcy proceedings.

In this case it is clear that the judgment of the magistrate is void for the reason that it is a suit in detinue and a money judgment is rendered. Sayers v. Holmes, 2 Cold., Tenn., 259, 263.

This court, under all the circumstances, feels that it should exercise its ancillary equity jurisdiction to protect this ignorant negro from harassment of garnishment of his wages by enjoining the defendant from proceeding any further upon this void judgment.

Order accordingly.