**GATHANY v. BISHOPP et al.**

**In re RISSER, Bankrupt.**

**No. 5957.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1949.

Decided Nov. 7, 1949.

568

Silas G. Bernard, Asheville, N. C., for appellant.

J. G. Adams, Jr., Asheville, N. C. (Joel B. Adams and Adams & Adams, Asheville, N. C., on the brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BARKSDALE, District Judge.

PARKER, Chief Judge.

This is an appeal from an order dismissing a suit for an injunction on two grounds: (1) that the court did not have jurisdiction to grant the relief prayed, and (2) that it had not acquired jurisdiction over the defendants by proper service of process. We think that the dismissal was unquestionably correct whichever of the grounds given be looked to as the basis of the decision.

The facts are that one Risser was adjudged bankrupt by the United States District Court for the Western District of North Carolina in the year 1934 and was duly granted a discharge. Among the claims filed against his estate was a judgment in the sum of $12,547.66 and interest rendered by an Illinois state court in favor of the Bishopp Cereal Company, which was also in bankruptcy at the time the claim was filed. This judgment was subsequently sold by the trustee in bankruptcy of the Bishopp Cereal Company and purchased by and assigned to Frank Bishopp, who in the year 1943 brought a proceeding against Risser for the purpose of reviving the judgment and succeeded in securing a judgment reviving it.

Risser died in Illinois in 1946, and Bishopp filed the revived judgment in a probate court there as a claim against his estate. This suit was instituted by the executrix of Risser in the Western District of North Carolina asking that Bishopp and his attorneys be enjoined from prosecuting the claim on the ground that the indebtedness evidenced thereby had been discharged in Risser's bankruptcy proceeding. Attempt was made to serve process from the North Carolina federal court on Bishopp and his attorneys in the State of Illinois; but they entered a special appearance and made a motion to quash the service, and this motion was sustained and the injunction suit dismissed on the two-fold ground above stated.

The judge below was clearly right in holding that upon the facts stated there was no jurisdiction to grant injunctive relief. Only in exceptional cases, where irreparable injury would otherwise result, will the injunctive power be used to restrain a creditor from attempting to collect a debt discharged in bankruptcy. The reason is that ordinarily the right to plead the discharge in bankruptcy as a defense furnishes to the bankrupt an adequate remedy. Cases in which use of the injunctive power has been held proper are our decision in Seaboard Small Loan Co. v. Ottinger, 4 Cir., 50 F.2d 856, 77 A.L.R. 956, and that of the Supreme Court in

Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, in both of which creditors of wage earning debtors were seeking to collect debts discharged in bankruptcy by unconscionable proceedings which threatened loss of employment to the debtors. Nothing of the sort is involved here. It appears that the judgment proved as a claim in the bankruptcy proceeding was later revived in Illinois without objection by the bankrupt; and the case would seem to be governed in all respects by the decision of this court in Helms v. Holmes, 4 Cir., 129 F.2d 263, 265, 141 A.L.R. 1367, where the court, speaking through Judge Dobie, said: "It is a matter of Hornbook learning that a defendant in an action at law who has a valid defense to a suit which is fully cognizable in a court of law and within its jurisdiction, and which he has an adequate opportunity to interpose, is chargeable with gross negligence if he fails to set up this defense, in the absence of fraud, accident or surprise. Moreover, he cannot later seek relief in equity against the enforcement of the judgment in that action, on the same grounds which constituted his original defense."

And we think it equally clear that the process of the North Carolina federal court could not be served in the State of Illinois. Directly in point are our decisions in Progressive Building & Loan Co. v. Hall, 220 F. 45, and Noll v. Hodgson, 4 Cir., 70 F.2d 19, 20, in the latter of which we said: "It is clear that the proceeding was one in personam and not one where the court was called upon to determine the rights of parties with respect to a res in its possession. The question on the jurisdictional point, then, is whether the court acquired jurisdiction of the person of respondent by service of process made beyond the territorial limits of the district. We do not think that it did. Courts of bankruptcy are vested with jurisdiction in bankruptcy proceedings 'within their respective territorial limits.' Bankr. Act, § 2, 11 U.S.C.A. § 11. And, although the trustee in bankruptcy may take possession of the property of the bankrupt wherever situate, and the court may make orders affecting any property in the possession of the trustee, it cannot make its process effective except within the territory of its jurisdiction. Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 311, 32 S.Ct. 96, 56 L.Ed. 208; Progressive Building & Loan Co. v. Hall [4 Cir.] 220 F. 45; Collier on Bankruptcy, 13th ed., vol. 1, p. 45; 7 C.J. 24; Remington on Bankruptcy, 3d ed., vol. 5, § 2205."

No changes in the law since the decision in Noll v. Hodgson modify the rule as there stated. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has extended the territorial jurisdiction of the bankruptcy court to the extent of permitting service of its process anywhere within the state it sits, but nothing in these rules or elsewhere permits service beyond the state. See Collier on Bankruptcy, 14th Ed., vol. 1, pp. 169–173, vol. 6, pp. 599–604. The bankruptcy reorganization statute, which has no application here, gives the court of bankruptcy jurisdiction over the "debtor and its property, wherever located" (11 U.S.C.A. § 511), but is held that, except in the exercise of summary jurisdiction over property in the actual or constructive possession of the debtor not even the reorganization court may issue its process to be served outside its territorial jurisdiction. In re Standard Gas and Electric Co., 3 Cir., 119 F.2d 658, 665; Bovay v. H. M. Byllesby & Co., 5 Cir., 88 F.2d 990; cf. Continental Illinois National Bank & Trust Co. v. Chicago Rock Island & P. Ry. Co., 294 U.S. 648, 683, 55 S.Ct. 595, 79 L.Ed. 1110.

There was no error and the order of the court below will be affirmed.

Affirmed.