Mal NEWBERG, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Sept. 20, 1960.

Markham & Strauss, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City, Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel, for defendant.

METZNER, District Judge.

This is a tax refund action. The Government moves for dismissal of the complaint on the ground that it does not state a claim upon which relief can be granted. F.R.Civ.P. 12(b) (6), 28 U.S. C.A.

Plaintiff filed a petition in bankruptcy in June of 1947. In October of that year the District Collector of Internal Revenue filed a proof of claim with the referee in bankruptcy aggregating $200.-91. The plaintiff was subsequently discharged in bankruptcy and the Government was paid the amount of its claim. In August 1948 the bankruptcy proceeding was closed. In March 1950 the District Collector assessed the plaintiff $2,-826.31 for taxes due for the years 1943 and 1944. The plaintiff has paid this assessment under protest. The theory of plaintiff's action to recover this assessment is that the Government's failure to assert in the bankruptcy proceeding the full amount of taxes due by the plaintiff bars it from asserting the additional amount against later-acquired assets of plaintiff.

Plaintiff's first argument in support of this proposition is based on 11 U.S.C.A. § 93, sub. n, which, as far as pertinent here, provides:

"Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * * ."

However, the Bankruptcy Act also provides that a discharge in bankruptcy shall release provable debts, except such as are due as a tax levied by the United States, or any state, county, district, or municipality. 11 U.S.C.A. § 35, sub. a. To sustain the plaintiff's contention I would have to read § 35, sub. a and § 93, sub. n, together and come up with the conclusion that the Government tax liability is nondischargeable only to the extent that it is claimed in the bankruptcy proceeding and cannot be satisfied from the bankrupt estate. Such a reading is not warranted by the language of the Act.

Section 93, sub. n, simply provides that the Government as any other creditor must assert its claim within the statutory 6-month period or be barred from the privilege of participating in the assets of the estate. There is no suggestion in the language that it makes the presentation of a nondischargeable obligation mandatory for any other purpose. Since taxes owing to the United States are given priority over most other debts of the bankrupt, 11 U.S.C.A. § 104, common-sense considerations of administration of a bankrupt estate require a cutoff date beyond which the Government cannot assert a claim against the assets of the estate. But no such considerations require a bar against the Government proceeding against after-acquired assets of the bankrupt. To read such a bar into the clear exception to a discharge provided in § 35, sub. a, by stretching the words of § 93, sub. n, would be an unwarranted judicial amendment of the Act.

If In re Anderson, 2 Cir., 1922, 279 F. 525, 529, on which plaintiff places his chief reliance, is read with these considerations in mind, it is clear that the case does not support plaintiff's position. In that case an order by the bankruptcy court, barring the Government from sharing *in the estate,* was affirmed on the ground that the "United States must file its claim for taxes as any other creditor, if is desires to share in the estate * * * ." The court's reference to the fact that "[the Government] cannot stand by, * * * and expect to subsequently collect the tax from the bankrupt or [the] trustee," is explained by the following sentence:

"To permit such a procedure would make it impossible to say when there could be a winding up of the bankruptcy proceedings and a distribution of the assets" (529).

At the time when In re Anderson was decided, § 93, sub. n, was not a part of the Bankruptcy Act. In re Lewis J. Glazer, Inc., D.C.Mass. 1951, 95 F.Supp. 472. The addition of that section in 1938 was simply a recognition of the considerations of administration which formed a basis of the Anderson decision. See legislative history discussed in In re Harmack Produce Co., Inc., D.C.S.D. N.Y.1942, 44 F.Supp. 1.

A correct reading of §§ 93, sub. n and 35, sub. a, is that the Government can follow either course, the filing of a claim within the statutory period and participation in the assets of the estate, or the proceeding by subsequent action against after-acquired assets. California State Board of Equalization v. Coast Radio Products, 9 Cir., 1955, 228 F.2d 520. Nor is there anything in the statute to indicate that it cannot assert some of its claims by the former course and later assert other claims by the latter.

■ The second argument of the plaintiff is that the Government's act of asserting only a portion of the tax owed by him in the bankruptcy proceeding should estop it from asserting the balance against after-acquired assets of the bankrupt. This argument of estoppel has been effectively answered in California State Board of Equalization v. Coast Radio Products, supra. The only distinction between the present case and that one is that the state government did not assert any claim in the bankruptcy proceeding, while here the Government asserted part of the tax indebtedness in the bankruptcy proceeding. However, the principles of that case apply equally to this one. An estoppel requires among other things that the person asserting the estoppel must rely upon the act or representation of the party to be estopped to his injury. When the plaintiff here filed his petition in bankruptcy, he had no right to rely on the Government's asserting its claim for taxes or any part thereof in the proceeding, since, as discussed above, the Government has the option under the statute to choose either to participate in the assets of the estate or assert the claim subsequently against after-acquired assets. The fact that the Government asserted only a portion of plaintiff's tax liability in the proceeding did not change this situation. Nor did the plaintiff rely on this partial assertion to his detriment. The proceedings would have followed the same course whether the Government asserted all, part or none of its claim. True, the plaintiff may have thought that he was debt free when the proceeding was terminated, but that freedom is specifically limited by § 35.

■ Finally, the plaintiff argues that the allowance of the Government's claim of $200.91 in the bankruptcy proceeding was a determination that this was plaintiff's total liability to the Government and creates a bar to any later assertion by the Government of further amounts then due.

It is true that the Bankruptcy Act provides:

" * * * in case any question arises as to the amount or legality of any taxes such question shall be heard and determined by the court." 11 U.S.C.A. § 104, sub. a(4).

This provision, however, goes to an objection by the trustee.

If in these proceedings the referee had allowed only $100 of the claim of $200.91, this would have been a final adjudication of the Government's claim embraced in the $200.91 and would have barred any future assertion of it. United States v. Coast Wineries, 9 Cir., 1942, 131 F.2d 643; In re Minot Auto Co., 8 Cir., 1924, 298 F. 853. However, an assertion of a portion of taxes due for a particular year in the bankruptcy proceeding and an allowance of that amount has been held not to prevent the Government from asserting an additional tax against after-acquired assets, based upon an audit of that same year. McDonald v. Commissioner, 1931, 23 B.T.A. 521.

The complaint is dismissed. Settle order.