HARRISON L. WINTER, Chief Judge:
This case requires the determination of whether, under the Bankruptcy Act of 1898, 11 U.S.C. § 1 et seq. (repealed 1979), a bankruptcy court has jurisdiction to enjoin defendants resident outside of its territorial district from prosecuting an action against a debtor discharged in proceedings before it. The district court concluded that it lacked jurisdiction, but we conclude otherwise. We reverse the judgment and remand the case for further proceedings.
I.
Plaintiffs filed petitions under the Bankruptcy Act[1] and were discharged in Chapter XI proceedings on June 23, 1980, by the Bankruptcy Court for the Western District of Virginia. In entering the order of discharge, the bankruptcy court enjoined all creditors whose debts were discharged “from instituting or continuing any action ... to collect such debts as personal liabilities of the ... creditors.” After plaintiffs were granted their discharge, defendant Milodon Engineering, Inc. (“Milodon”) filed suit against them in the United States District Court for the Central District of California alleging breach of contract, malpractice, and misrepresentation. Plaintiffs moved the district court in California to dismiss the suit on grounds that the debt had been discharged in the bankruptcy proceedings in Virginia, but the district court for reasons that are not before us declined to do so.
Plaintiffs then brought an action against Milodon in the bankruptcy court in Virginia seeking determination of the dischargeability of the debt asserted by Milodon in the California action and a preliminary injunction to prevent Milodon from prosecuting the California action. Milodon moved the bankruptcy court to dismiss the action on grounds that the bankruptcy court was without in personam jurisdiction over it. The bankruptcy court denied the motion, and Milodon appealed to the district court.
The district court determined that the bankruptcy court was without jurisdiction. It accordingly reversed the bankruptcy court’s order enjoining the California proceeding and directed the bankruptcy court to dismiss the adversary proceeding before it.
II.
The jurisdiction of federal bankruptcy courts is determined by federal statute. Wheeling Structural Steel Co. v. Moss, 62 F.2d 37, 39 (4 Cir.1932). The district court based its finding that the bankruptcy court was without in personam jurisdiction over defendants on provisions in the Bankruptcy Act of 1898 that limited the jurisdiction of bankruptcy courts to their territorial limits.[2] Those provisions, however, were su *991 perseded by the Bankruptcy Rules that became effective on October 1, 1973. The new Bankruptcy Rule 704 provided for service of process anywhere within the United States in connection with designated “adversary proceedings”.[3] The Advisory Committee’s note accompanying Rule 704 indicated that the Rule’s intended effect was to extend the territorial jurisdiction of the bankruptcy courts to the entirety of the United States.[4]
Milodon argues before us that reliance on Rule 704’s provisions to determine whether the bankruptcy court had in personam jurisdiction over it would be misplaced, since valid service of process and personal jurisdiction are two separate concepts. In the abstract that may be true, but for purposes of proceedings arising from federal law, it is largely academic. See 4 Wright & Miller, Federal Practice and Procedure: Civil §§ 1075, 1127 (1969) (for federal courts acting under federal question jurisdiction, extent of valid process is limited only by congressional authorization and due process clause.) Where Congress has authorized nationwide service of process by federal courts under specific federal statutes, so long as the assertion of jurisdiction over the defendant is compatible with due process, the service of process is sufficient to establish the jurisdiction of the federal court over the person of the defendant. See Terry v. Raymond Int’l, Inc., 658 F.2d 398 (5 Cir.1981), cert. denied, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982).
Since we have determined that Congress authorized nationwide service of process in cases like the present one, the only remaining question is whether assertion by the bankruptcy court sitting in Virginia of jurisdiction over defendant, a California corporation, is compatible with the requirements of due process. The propriety of process issuing from federal courts sitting in cases arising under federal law is not tested by the same yardstick as is the constitutional limitation upon service of process issuing from state courts because the issues involved necessarily are often national in character. See Time, Inc. v. Manning, 366 F.2d 690, 694 (5 Cir.1966). Rather, the defendant must look primarily to federal venue requirements for protection from onerous litigation. See Terry, supra, 658 F.2d at 402-03.
Provisions reflecting concern that parties be afforded convenient venue were incorporated in Bankruptcy Rule 782, which provided:
*992 Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. An adversary proceeding transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred.[5]
Defendant Milodon, however, never moved the bankruptcy court to transfer the adversary proceeding pursuant to Rule 782 nor did it raise the issue before the district court on appeal. The issue of whether the bankruptcy court should properly have transferred the proceeding thus is not before us.[6] We neither decide it nor express any view on how it should be decided were it raised.
III.
We conclude that the bankruptcy court had jurisdiction over the parties to the adversary proceeding and properly denied defendant’s motion to dismiss. We accordingly reverse the district court’s order and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.

. Plaintiffs filed their petitions on March 6, 1979. The governing statute thus was the Bankruptcy Act of 1898, since the effective date of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (1978), was not until October 1, 1979. Id., § 402(a), 92 Stat. at 2682. See In re Lincoln Plaza Tower Associates, 6 B.R. 808 (Bankr.S.D.N.Y.1980).

. The provision on which the district court apparently relied was § 2(a) of the old Act, 11 U.S.C. § 11(a), which limited the jurisdiction of the bankruptcy courts to matters arising "within their respective territorial limits.” Under this rule, with regard to taking jurisdiction of a proceeding in the first place, the bankruptcy *991 court was limited to the district in which it sat. Once original jurisdiction requirements were met, service relevant to the proceedings could run at least throughout the state in which the court sat. Slocum v. Edwards, 168 F.2d 627 (2 Cir.1948); 1 Remington on Bankruptcy § 35 (1950).

. Bankruptcy Rule 704(a) provided in part:
Upon the commencement of an adversary proceeding the bankruptcy judge shall set a date for trial and shall forthwith issue a summons and notice of trial.
Subsection (f)(1) of the Rule in turn provided:
The summons, together with the complaint and notice of trial, and all other process except a subpoena may be served anywhere within the United States.
Proceedings to obtain an injunction or to determine the dischargeability of a debt are "adversary proceedings.” Bankruptcy Rule 701.

. The Advisory Committee’s Note to Bankruptcy Rule 704 stated:
Subdivision (f)(1). The most important change from prior practice authorized by this rule is the extension of the territorial scope of effective service by paragraph (1) of subdivision (f) to include all of the United States.
Paragraph (1) of subdivision (f) authorizes nationwide service of process other than a subpoena on any party to an adversary proceeding. The rule thus overrules such cases as Gathany v. Bishop, 177 F.2d 567, 569 (4th Cir.1949), insofar as it held or implied that the court of bankruptcy sitting in North Carolina could not enjoin an action in Illinois.
* * * * * *
An adversary proceeding may be transferred under Rule 782 to any other district in the interest of justice and for the convenience of the parties and, as pointed out in the Note accompanying that rule, a court should be particularly hospitable to a motion for transfer when the defendant resides or has his principal place of business at a substantial distance from the district where the case is pending.

. The Advisory Committee’s Note to Rule 782 stated in part:
In view of the extension of the territorial limits of effective service by Rule 704(f), it behooves courts of bankruptcy to accord a liberal construction to this Rule 782 in order to minimize hardship to parties served in a part of the country remote from the district where the court of bankruptcy is sitting.

. Inasmuch as the issue of transfer was not raised before the bankruptcy court or district court, we do not reach the issue of whether determination by the district court to grant or deny a motion to transfer an adversary proceeding would be appealable to us. Cf. Young Properties Corp. v. United Equity Corp., 8 Collier Bankr.Cas. 376 (9 Cir.1976) (holding that an appeal from an order denying a motion to transfer under Rule 782 is an interlocutory appeal involving a controversy and, pursuant to § 24a of the Bankruptcy Act, 11 U.S.C. § 47a, there is no jurisdiction in the courts of appeals to entertain such appeals).