**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1749

ROBERT ZIMMERMAN,

Plaintiff - Appellant,

v.

GREAT AMERICAN INSURANCE COMPANY; GAIL SALAFIA; J. MATTHEW WATERS; JORDAN PRICE WALL GRAY JONES AND CARLTON, PLLC; ATLANTIC SHORES MANAGEMENT, LLC; ELIZABETH PARKER; DANCO BUILDERS, INC.; CHRIS COGGINS; JOHN AND JANE DOES; FRANK OSTMANN; OLDE POINT VILLAS, INC.; HOMEOWNERS ASSOCIATION FOR OLDE POINT VILLAS, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:21-cv-00108-D)

Submitted:  March 28, 2023                    Decided:  September 5, 2023

Before QUATTLEBAUM and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Zimmerman, Appellant Pro Se.  Jason W. Burgess, T. Nicholas Goanos, Charlotte, North Carolina, Carol Marie Rooney, Adam Matthew Topel, BUTLER WEIHMULLER KATZ CRAIG, LLP, Tampa, Florida; Mollie Cozart, JORDAN PRICE WALL GRAY

JONES & CARLTON, LLP, Raleigh, North Carolina; Paul H. Derrick, BARNWELL WHALEY PATTERSON & HELMS PLLC, Wilmington, North Carolina; William Dudley Whitley, III, BATTLE, WINSLOW, SCOTT & WILEY, PA, Rocky Mount, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Zimmerman appeals the district court's order granting Defendants' motions to dismiss Zimmerman's action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as multiple state law tort and contract claims, all arising out of damage to his residence caused by Hurricane Florence. Zimmerman's complaint named as Defendants, among others, Olde Point Villas, Inc. ("Olde Point"), the residential development in which Zimmerman owned a townhome; Olde Point's homeowners' association ("HOA"); and Great American Insurance Company ("Great American"), which contracted with the HOA to provide insurance coverage for the townhomes, and Great American's employee Gail Salafia. The district court dismissed Zimmerman's complaint, finding, *inter alia*, that it lacked personal jurisdiction over Salafia because she was a resident of Connecticut and did not have sufficient minimum contacts with North Carolina to satisfy the State's long-arm statute, Zimmerman lacked standing to bring contract-based claims against Great American under an insurance policy to which he was not a party and his noncontract-based claims failed to state plausible claims for relief, and the claims against the remaining Defendants were barred by res judicata, except for two state law unjust enrichment claims, over which the district court declined to exercise supplemental jurisdiction. Zimmerman challenges these rulings on appeal. We have reviewed the record and discern no reversible error. Accordingly, we affirm the judgment of the district court.

We review de novo a district court's dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). In this case, as the district court recognized, its subject matter jurisdiction

3

was not based on diversity of citizenship, since multiple parties, including Zimmerman, were citizens of North Carolina. Rather, the court exercised federal question jurisdiction under 28 U.S.C. § 1331 based on Zimmerman's claims of violations of the RICO statute. "Where Congress has authorized nationwide service of process by federal courts under specific federal statutes, so long as the assertion of jurisdiction over the defendant is compatible with due process, the service of process is sufficient to establish the jurisdiction of the federal court over the person of the defendant." *Hogue v. Milodon Eng'g*, *Inc.*, 736 F.2d 989, 991 (4th Cir. 1984). The RICO statute is such a statute authorizing nationwide service of process. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997) ("The RICO statute . . . authorizes service of process 'in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.'" (quoting 18 U.S.C. § 1965(d))).

Here, Zimmerman brought claims against Salafia under the RICO statute, and he submitted in the district court a process receipt and return showing that Salafia was personally served in Connecticut; moreover, Salafia has not shown that the assertion of personal jurisdiction over her in North Carolina would be incompatible with due process under the Fifth Amendment. *See id.* at 627; *see also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015). We therefore conclude that the district court erred in its finding that it lacked personal jurisdiction over Salafia.

Nevertheless, we may affirm the district court's decision on any ground supported by the record. *Willner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017). Upon a de novo review,

4

we conclude that Zimmerman failed to state plausible RICO claims against either Salafia or Great American. *See Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (stating de novo standard of review). We therefore affirm the district court's dismissal of Zimmerman's claims against Salafia.

We further affirm the district court's dismissal of Zimmerman's contract-based claims against Great American for lack of standing and its dismissal of the claims against the remaining Defendants as barred by res judicata. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021) (stating de novo standard of review for dismissals based on lack of standing); *Providence Hall Assocs. v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (stating de novo standard of review for dismissals based on res judicata). Finally, we discern no abuse of discretion by the district court in its decision not to exercise supplemental jurisdiction over Zimmerman's state law unjust enrichment claims after it dismissed the claims within its original jurisdiction. *See PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 181, 184 (4th Cir. 2023).

Accordingly, we affirm the district court's order. *Zimmerman v. Great American Ins. Co.*, No. 7:21-cv-00108-D (E.D.N.C. June 27, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*